# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

CRABAR/GBF, INC.,

        Plaintiff,

vs.

MARK WRIGHT, and WRIGHT PRINTING CO.,

        Defendants.

8:16CV537

**AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE**

This matter came before the Court on the Stipulated Motion to Extend Certain Deadlines in Final Progression Order (Filing No. 113). The parties request extensions of certain case progression deadlines set forth in the Order Setting Final Schedule for Progression of Case (Filing No. 82). For good cause shown,

**IT IS ORDERED** that the Stipulated Motion to Extend Certain Deadlines in Final Progression Order (Filing No. 113) is granted. The deadlines set forth in the Order Setting Final Schedule for Progression of Case (Filing No. 82) are amended as follows:

    1. **Motions to Dismiss and Motions for Summary Judgment.** Motions to Dismiss and/or Motions for summary judgment shall be filed not later than **August 10, 2018**. *See* NECivR 56.1 and NECivR 7.1.

    2. **Discovery Deadlines:**

        a. **Deposition Deadline.** All fact depositions, whether or not they are intended to be used at trial, shall be completed by **May 11, 2018**. All expert witness depositions, whether or not they are intended to be used at trial, shall be completed by **July 30, 2018**.

        b. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **April 13, 2018**. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion**.

        c. **Discovery Motions.** Discovery motions shall be filed not later than **May 4, 2018,** as to matters which are then ripe for decision; discovery matters arising

after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.1(i). Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.

3. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall identify expert witnesses and shall serve expert reports by **June 1, 2018**. Each defendant, counter-defendant, and cross-defendant shall identify expert witnesses and shall serve expert reports by **June 29, 2018**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **July 13, 2018**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

4. The Pretrial Disclosure deadlines, Final Pretrial Conference, and Trial date remain as previously scheduled.

5. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 8th day of January, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in the case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).