# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRABAR/GBF, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARK WRIGHT, and <br> WRIGHT PRINTING CO., <br><br> Defendants. | 8:16CV537 <br><br> ORDER |

This matter is before the Court following a conference held on December 20, 2018, with counsel for the parties regarding the pending motions in this case and the recently filed related case, Crabar/GBF, Inc. v. Wright Printing Co. et al ("Crabar II"), 8:18CV520. The Court heard arguments and updates from counsel regarding the status of their discovery disputes and the ramifications of proceeding with both the instant case and Crabar II case.

As discussed during the conference, the Court will grant Crabar's Motion for Leave to File its Second Amended Complaint. ([Filing No. 154](#)). Although Crabar's motion was filed outside the time period established by the scheduling order, the Court finds that Crabar met its burden to show good cause under [Rule 16(b)](#) and acted diligently in filing its motion. See [*Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)](#); [*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)](#). Discovery in this case still ongoing, and Crabar's additional claims and defendants are closely related to the original action and do not appear to require voluminous additional discovery. Additionally, permitting Crabar to file its Second Amended Complaint in this case will obviate the need for parallel litigation and duplicative discovery in the Crabar II case. Crabar agreed to dismiss the Crabar II action if it was granted leave to amend in this action. Counsel for Defendants agreed to accept service of the Second Amended Complaint on behalf of all Defendants and to file a responsive pleading within sixty (60) days after Crabar files the Second Amended Complaint. The parties requested that the current case progression deadlines be suspended while they meet and confer to propose a joint amended case progression order. The Court's ruling is not based on any legal conclusions,

opinions, or other statements outside the scope of Fed. R. Civ. P. 56 contained in Crabar's declarations offered in support of its motion to amend, and therefore Defendants' Motion to Strike Declarations (Filing No. 172) is denied as moot.

The Court also heard arguments from both parties on the status of the discovery disputes that are the subject of Crabar's motions to compel (Filing No. 191; Filing No. 195). Crabar's first motion to compel pertains to its belief that Defendants' document production is incomplete. Crabar requests that the Court order Defendants to produce to Crabar's computer consultants mirror images of certain computer servers, laptop computers, and related data storage devices for a corroborating search. In the alternative, Crabar requests the Court compel Defendants to conduct additional searches of certain servers, email accounts, and laptops under the supervision of Crabar's computer consultants. (Filing No. 191). Based on Defendants' representations to the Court in their filings opposing the motion, and during the in chambers conference, the Court finds that Defendants have shown they have acted diligently and in good faith to search for and produce an extensive number of documents responsive to Crabar's document requests. During the Court's discussion with the parties, it appears that they may be able to agree upon additional search terms and devices for Defendant to search for documents to Crabar's satisfaction. The parties shall meet and confer to agree upon the parameters of the additional searches. Accordingly, Crabar's first motion to Compel (Filing No. 191) will be denied, without prejudice, pending the completion of the additional searches.

With respect to Crabar's request for production of customer solicitation communications, the parties agreed to a protocol that may resolve Crabar's complaints of deficient production. Crabar will cross-check its customer list with the list of approximately 1800 customers that Defendants have actually sold to in order to identify names for Defendants to conduct additional searches. Crabar proposes limiting the search to the time period of approximately June 2016 through November 2016. The parties shall agree upon the search terms and devices to be searched. Accordingly, Crabar's motion to compel production of customer solicitation communications (Filing No. 195) will be denied, without prejudice, pending the completion of this additional search.

In the event outstanding discovery disputes remain following the above subsequent searches, the parties shall contact the chambers of the undersigned magistrate judge to schedule a telephone conference for resolution.

**IT IS ORDERED**:

1. Plaintiff's Motion for Leave to File Second Amended Complaint ([Filing No. 154](Filing No. 154)) is granted. Plaintiff shall file its proposed Second Amended Complaint on or before December 31, 2018. Defendants may file their responsive pleading(s) within sixty (60) days after the Second Amended Complaint is filed.
2. Defendants' Motion to Strike Declarations of Elissa Isaacs and David Crysler ([Filing No. 172](Filing No. 172)) is denied.
3. Plaintiff's first Motion to Compel ([Filing No. 191](Filing No. 191)) is denied, without prejudice.
4. Plaintiff's second Motion to Compel ([Filing No. 195](Filing No. 195)) is denied, without prejudice.
5. The current case progression deadlines are suspended pending the parties' submission of a joint proposed amended case progression schedule within fourteen (14) days of the filing of all responses to the amended complaint and resolution of any motions to dismiss.

Dated this 26th day of December, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge