IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRABAR/GBF, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARK WRIGHT, WRIGHT PRINTING CO., MARDRA SIKORA, JAMIE FREDRICKSON, and ALEXANDRA KOHLHAAS, <br><br> Defendants. | 8:16CV537 <br><br><br> ORDER |

This matter comes before the Court on Plaintiff's Motion for Protective Order (Filing No. 344). Defendants have objected to Plaintiff's designation of five schedules attached to an expert report as "Highly Confidential-Attorneys' Eyes Only." Pursuant to the parties' stipulated protective order, Plaintiff has filed the instant motion to resolve Defendants' objection to Plaintiff's designation.

On March 2, 2017, Magistrate Judge Gossett granted the parties' Joint Motion for Entry of Protective Order (Filing No. 31) and entered the parties' Confidentiality Agreement and Stipulated Protective Order ("The Protective Order"). (Filing No. 32). The Protective Order contains the following definitions:

> (a) The term "Confidential Information" means any confidential or proprietary technical, financial, commercial or business information, information that constitutes a trade secret, or highly personal information.
>
> (b) The term "Highly Confidential-Attorneys' Eyes Only Information" means any Confidential Information that is so competitively sensitive that it could cause competitive harm to that party, or a nonparty, if disclosed to another party in this action.

(Filing No. 32 at p. 1). The Protective Order permits a party to designate documents as "Confidential" or "Highly Confidential-Attorneys' Eyes Only." If another party disagrees with the designation, the objecting party must notify the designating party in writing of the objections before the parties make a good-faith effort to resolve the disagreement. If the parties do not resolve the disagreement, the designating party must file a motion seeking relief from the Court. The Protective Order provides that the designating party has the burden of showing that the materials or

information are properly designated as Confidential or Highly Confidential-Attorneys' Eyes Only. ([Filing No. 32 at pp. 3-4](#)).

On January 7, 2022, Plaintiff served Defendant with an expert report authored by Ronald A. Bero, Jr., CPA/ABV, CFF, containing his opinion of Plaintiff's damages. Mr. Bero attached several schedules to his report containing Plaintiff's customer lists, historical customer information and order history, and financial information including prices and revenues from specific customers and specific products, all of which Plaintiff believes contain highly confidential information. Plaintiff initially designated Mr. Bero's report and all the attachments as Highly Confidential-Attorneys' Eyes Only. Pursuant to the Protective order, Defendants served Plaintiff with their written objection to that designation. After reviewing the objection, Plaintiff re-designated Mr. Bero's report and certain schedules as "Confidential Information," but has not withdrawn its "Highly Confidential-Attorneys' Eyes Only" designation for Schedules 6.1, 6.2, 7.1, 10.0, and 10.1. Plaintiff assert these schedules contain its "highly confidential and proprietary trade secret information that is so competitively sensitive that it would cause competitive harm to [Plaintiff] if it was disclosed to the Defendants, who compete with [Plaintiff] in the same industry and who are selling the same or substantially similar products to the same target market." ([Filing No. 344 at p. 3](#)).

After review, the Court finds Plaintiff has carried its burden to show Schedules 6.1, 6.2, 7.1, 10.0, and 10.1 are properly designated as Highly Confidential-Attorneys' Eyes Only. The Court is persuaded that these Schedules, consisting of detailed product and historical financial information for Plaintiff's products and customers; Plaintiff's incremental profit analysis utilizing Plaintiff's nonpublic historical financial data; detailed sales, cost of sale, and expense information; and burden cost reporting is competitively sensitive and could cause harm to Plaintiff if disclosed to another party in this action. The information in these Schedules is not reported in any public filing and is not available to any person or entity other than authorized personnel at Plaintiff and its parent company. The Court is further persuaded that the information in these Schedules could provide a direct competitor with information needed to directly target Plaintiff's customers, suppliers, and contractors. Defendant, Wright Printing Co., is a direct competitor of Plaintiff. This lawsuit involves Plaintiff's allegations that, after Plaintiff purchased Wright Printing, Writing Printing kept copies of confidential information it sold to Plaintiff and used that information to target Plaintiff's customers. Under the circumstances, Plaintiff has made an adequate showing that the information

in these schedules is so competitively sensitive it could cause competitive harm if disclosed to another party in this action.

The Court further finds that Plaintiff's designation of these five schedules as Highly Confidential-Attorneys' Eyes Only will not prejudice Defendants' defense. Pursuant to the terms of the Protective Order, Highly Confidential-Attorneys' Eyes Only Information may be disclosed to a few categories of individuals, including outside experts that have signed a Non-Disclosure Agreement. So long as Defendants' outside expert signs the NDA, Defendants can disclose these Schedules to their outside expert, if needed. Additionally, Highly Confidential-Attorneys' Eyes Only Information may be disclosed employees of the parties "to whom counsel deems it essential to show a document designated Highly Confidential-Attorneys' Eyes Only," provided:

> (a) counsel advises opposing counsel in writing what Highly Confidential-Attorneys' Eyes Only document will be shown to which individual employee, (b) counsel does not transmit a copy of that document to the identified employee, but instead shows the document to the specified employee at an in-person meeting and takes the document away from the employee when the in-person meeting is concluded, and (c) the employee, prior to being shown the document, signs the Non-Disclosure Agreement attached hereto as Exhibit 1.

([Filing No. 32 at p. 6](Filing No. 32 at p. 6)). Although it may cause some additional expense or burden if Defendants deem it essential to disclose any of these five schedules to any of its employees, the terms of the Protective Order provide an adequate balance of protecting Plaintiff's competitively sensitive information from its direct competitor, while still providing Defendants with a means to utilize the information necessary for their defense. Upon consideration,

**IT IS ORDERED**: Plaintiff's Motion for Protective Order ([Filing No. 344](Filing No. 344)) is granted. The Court overrules Defendants' objections to Plaintiff's Highly Confidential-Attorneys' Eyes Only Information designation of Schedules 6.1, 6.2, 7.1, 10.0, and 10.1 attached to Mr. Bero's Expert Report.

Dated this 17th day of February, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge