IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRABAR/GBF, INC., <br><br> Plaintiff and counterclaim defendant, <br><br> vs. <br><br> MARK WRIGHT and WRIGHT PRINTING CO., <br><br> Defendants and counterclaimants, <br><br> and <br><br> MARDRA SIKORA, JAMIE FREDRICKSON, and ALEXANDRA KOHLHAAS, <br><br> Defendants. | 8:16-CV-537 <br><br> MEMORANDUM AND ORDER |

This matter comes before the Court on the defendants' motion in limine, filing 431. The motion and briefs were filed prior to the Court's December 5, 2022, order, filing 445, addressing some overlapping issues. The Court heard argument on these matters in open court on March 20, 2023, at the pretrial conference. The motion will be granted in part and denied in part as set forth below.

ISSUE #1: INFLAMMATORY LANGUAGE

The defendants have requested that this Court prohibit the plaintiff from using certain inflammatory language which might prejudice the jury. The plaintiff has indicated it does not intend to use such language in its opening

statement or closing argument. The Court <u>will</u> allow words such as "copy," "copied," or "duplicate," because these words are neither inflammatory nor prejudicial. However, this Court <u>will not</u> allow the words "stole," "looted," "ripped off," "robbed," "pilfered," or similar loaded language in opening statements, questions, witness answers, closing statements, or otherwise throughout trial. *See Deflecto LLC v Dundas\*Jafine Inc.,* No. 4:13-CV-116, 2015 WL 9413148, at \*1 (W.D. Mo. Dec. 22, 2015).

### ISSUE #2: REFERENCES TO DISMISSED CLAIMS

The defendants seek to prohibit the plaintiff from referencing a dismissed claim for a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*. Specifically, the defendants do not want the plaintiff to reference "protected computers used in interstate commerce" or "downloading electronic files with the intent to defraud." Filing 440 at 4. The Court will sustain the motion to prevent the plaintiff from referencing "protected computers used in interstate commerce," and will not allow the specific phrase "downloading electronic files with the intent to defraud" to be used while examining witnesses. But, to the extent it is relevant to any existing claims, the plaintiff will be able to inquire as to electronic files downloaded and any reasons for the downloads, and reference the same (if relevant) during closing arguments.

### ISSUE #3: UNDISCLOSED DAMAGE THEORIES

Relying on Fed. R. Civ. P. Rules 26(a) and 37(c), the defendants request that the plaintiff be precluded from discussing certain allegedly undisclosed theories of damages. Specifically, the defendants appear to take issue with any rescission remedy sought by the plaintiff. Filing 440 at 5.

The Court's December 5 order dismissed the plaintiff's fraud claim as to the Purchase Agreement, so of course the plaintiff may not now seek rescission *of that contract* as a remedy. Filing 445 at 38-39. This handles the $9 million rescission damages referenced in the parties' briefs. Filing 435 at 7-8; filing 440 at 5. However, the plaintiff's fraud claim as to the Release Agreement remains. And, the parties have been aware that the Release Agreement may be voidable. *See, e.g.*, filing 253 at 15. The plaintiff still can seek to void (or rescind) the Release Agreement, which, if successful, means that the obligations of the Purchase Agreement remain in effect and the plaintiff may seek certain breach of contract damages otherwise precluded by the Release. Filing 253 at 15; *see also* filing 445 at 41 n.12. The rescission discussion in the footnote is related to the Release Agreement, not the Purchase Agreement. There is no unfair surprise and no prejudice because the potentially voidable nature of the Release has been an issue throughout the case, albeit without the word "rescission" being used.

For these reasons, on this issue, the defendants' motion is denied.

### ISSUE #4: TELEPHONE NUMBER

The defendants also want to prevent evidence of the "vanity number" that the defendants acquired, 1-844-FOLDER2. The plaintiff uses the phone number 1-800-FOLDERS. The defendants assert that because they did not promote the vanity number, the vanity number is not relevant to the issue of whether there was confusion in the market regarding the defendants' and plaintiff's services. Filing 432 at 4. However, the acquisition of the phone number is relevant to other issues beyond trademark confusion, such as the defendants' intent regarding fraud or tortious interference. Evidence of the vanity number, as opposed to just the numerals, is not unfairly prejudicial, and

is relevant to many issues in this case. On this matter, the defendants' motion is denied.

### ISSUE #5: TRADE SECRETS

The final issue in the defendants' motion in limine is a request for the plaintiff's alleged trade secrets in a "specific, clear, detailed, and precise list." Filing 440 at 7 (quoting *Cardiovention, Inc. v. Medtronic*, 483 F. Supp. 2d 830, 844 (D. Minn. 2007)). It appears the parties are harmonized on which pieces of information constitute trade secrets. *Compare* filing 302 at 50 (the operative complaint listing trade secrets as "customer list files, customer information files, sales data files, the CAD die files, product cost files, and cost-of-goods minimization-know-how arising from presentation folder pocket sizing") *and* filing 442 at 23 (plaintiff's proposed jury instructions listing trade secrets as "customer lists and sales information, cost-modeling information, and die files") *with* filing 441 at 14 (defendants' proposed jury instructions listing trade secrets as "die files and die inquiry spreadsheet. . . customer lists, sales information, and cost-modeling spreadsheets").

The parties have indicated they will amend their proposed jury instructions in response to the Court's December 5 order, filing 445. So, the Court will *not* rule on this issue at this time, but may intervene if the parties seek further clarity on which exhibits or issues are allegedly trade secrets.

IT IS ORDERED that the defendants' motion in limine (filing 431) is granted in part and denied in part as set forth above.

Dated this 21st day of March, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge