# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRABAR/GBF, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARK WRIGHT, WRIGHT PRINTING CO., MARDRA SIKORA, JAMIE FREDRICKSON, and ALEXANDRA KOHLHAAS, <br><br> Defendants. | 8:16-CV-537 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the defendants' motion to stay enforcement of judgment without a bond pursuant to Fed. R. Civ. P. 62(a). Filing 525. On April 20, 2023, the Court entered judgment in favor of Crabar/GBF, Inc. and against Mark Wright in the amount of $2,750,000; Wright Printing Company in the amount of $1,000,000; Mardra Sikora in the amount of $1,250,000; Jamie Fredrickson in the amount of $7,000; and Alexandra Kohlhaas in the amount of $3,500. Filing 512. On May 17, 2023, the Court granted a limited stay, which expires today, June 2, 2023. Filing 527.

The Court has the authority to supersede a stay without requiring a bond. Fed. R. Civ. P. 62(a). Courts may consider a variety of factors in determining whether to waive a supersedeas bond:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a

precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Infogroup, Inc. v. DatabaseUSA.com LLC*, No. 8:14-cv-49, 2018 WL 6605868, at *1 (D. Neb. Dec. 17, 2018) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-5 (7th Cir. 1988)).

Mark Wright contends that he has been denied by five different bond carriers because he lacks the liquid assets necessary to secure a bond. Filing 552 at 3. Mark Wright has offered to pledge his interest in real estate as security in lieu of a bond. Filing 551. He will be required to do so in order to obtain a stay. Rule 62(b).

Wright Printing and Sikora have sufficiently demonstrated their financial inability to post a bond at this time, and have shown that the bond may place other creditors in an insecure position under the fourth factor outlined above. *See* filing 552 at 4. These defendants will not be required to post a bond, but must comply with the conditions set forth below to maintain the financial status quo.

Fredrickson and Kohlhaas have not demonstrated why a bond should not be required. The fact that the judgments against them are supposedly *de minimis* is not a reason to waive the bond requirement, and, as the plaintiff indicates, because these defendants live outside the state of Nebraska, collection on the judgment is more complex. Therefore, the Court will not extend the stay as to those defendants.

IT IS ORDERED:

1. The defendants' motion to stay enforcement of judgment (filing 522) is granted in part and denied in part.

2. As to Mark Wright, Jamie Fredrickson, and Alexandra Kohlhaas, execution on the April 20, 2023, judgment is not stayed beyond June 2, 2023, unless the defendants post a bond or other security pursuant to Fed. R. Civ. P. 62(b).

3. As to Mardra Sikora and Wright Printing, execution on the April 20, 2023, judgment is stayed until 30 days after the Court rules on the pending Rule 50 and Rule 59 post-trial motions.

4. No asset of Wright Printing or Mardra Sikora may be transferred, (i) outside the ordinary course of business, (ii) for less than a reasonably equivalent value, or (iii) to an insider, without permission from the Court.

5. Wright Printing and Mardra Sikora shall maintain or preserve, without any spoliation, all banking, tax, and financial records in their possession or control.

6. Wright Printing and Mardra Sikora shall not incur any additional debt without permission from the Court.

Dated this 2nd day of June, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge