IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRABAR/GBF, INC., | |
| Plaintiff, | |
| | 8:16-CV-537 |
| vs. | |
| MARK WRIGHT, WRIGHT PRINTING CO., MARDRA SIKORA, JAMIE FREDRICKSON, and ALEXANDRA KOHLHAAS, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the plaintiff's objection (filing 571) to some of the defendants' irrevocable letters of credit (filing 568; filing 570). Under Fed. R. Civ. P. 62(b), "any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Presumably, based on a prior order (filing 567), the defendants intend to seek the Court's approval of the letters as an alternative to a bond so that this Court will stay execution on the judgment. The defendants have not yet sought such approval, but the plaintiff has objected to the submission of these notices on the basis that they do not sufficiently secure the judgment. Filing 571.

The plaintiff has asked this Court to enter an order finding that the letters of credit "do not stay execution of the judgment against either defendant." Filing 571 at 4. But the defendants have not yet requested a stay, and this matter is not yet ripe for such an order. If or when this matter *is fully briefed and submitted*, the Court will determine whether any proposed bond or

other security is sufficient for the defendants to obtain a stay. Rule 62(b); *see also Cent. Valley Ag Coop. v. Leonard*, No. 8:17-cv-379-LSC, 2020 WL 8920783, at *1 (D. Neb. March 27, 2020); *Mahaska Bottling Co., Inc. v. PepsiCo, Inc.,* No 4:16-cv-114, 2020 WL 13249357, at *1 (S.D. Iowa Jan. 23, 2020); *All-Ways Logistics, Inc. v. USA Truck, Inc.,* No. 3:06-cv-87, 2007 WL 9728710, at *2-4 (E.D. Ark. Aug. 22, 2007). Rather than file an objection to a phantom motion, the plaintiff should oppose the defendants' (presumably) forthcoming motion in the normal course.

The parties would likely best be served in addressing any potential opposition to the proposed alternative security among themselves *before* spending time and resources briefing these issues. It would not be surprising if the attorney fees incurred fighting over defendants Jamie Fredrickson and Alexandra Kohlhaas have surpassed the value of the judgments against them. The parties are encouraged to be efficient in using their time (as well as the Court's).

IT IS ORDERED: The plaintiff's objection (filing 571) is overruled.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge