## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRABAR/GBF, INC., | |
| Plaintiff, | 8:16-CV-537 |
| vs. | |
| MARK WRIGHT et al., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter comes before the Court on plaintiff Crabar/GBF, Inc.'s motion to appoint Trenten P. Bausch as a receiver for the defendant, Mark Wright (filing 670), pursuant to Fed. R. Civ. P. 66. The Court heard argument in open court on December 19, 2023, to determine whether a receiver should be appointed, the scope of any receivership, and whether a bond should be posted. *See* filing 678.

The history of this case is well-documented. Most recently, the Court granted Crabar's application for a charging order, and the Court issued a lien pursuant to Neb. Rev. Stat. § 21-142 on Wright's transferable interest in two LLCs—121 Court, LLC, and 11616 "I" Street, LLC. Filing 665. Recognizing the complexity of Crabar's collection efforts, this Court ordered Crabar to pursue appointing a receiver to effectuate the charging order.

### Appointment of Receiver

"A receiver is an extraordinary equitable remedy that is only justified in extreme situations." *Morgan Stanley Smith Barney LLC v. Johnson,* 952 F.3d 980 (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 316 (8th Cir. 1993)). Such a remedy is soundly in the Court's discretion. *Id.* at 981; *see also* 12 C. Wright & A. Miller, Fed. Prac. & Proc. § 2983. While

receiverships are based on federal law and federal equitable principles, courts may look to state laws for guidance. Fed. R. Civ. P. 66; *Morgan Stanley*, 952 F.3d at 980 (quoting 12 Wright & Miller § 2983). Nebraska enacted the Revised Uniform LLC Act, which provides that a receiver may be appointed to "effectuate the collection of distributions pursuant to a charging order." § 21-142(b). No formula determines when a receiver should be appointed, but the factors to consider are:

> [A] valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Id*. at 981 (quoting *Aviation Supply Corp.*, 999 F.2d at 316-17).

Three of these factors are clearly met here. *Morgan Stanley Smith Barney LLC v. Johnson*, No. 12-cv-1101, 2018 WL 4654711, at *2 (D. Minn. Sept. 27, 2018), *aff'd*, 952 F.3d 980. Crabar has a valid judgment against Mark Wright (filing 589), Crabar's attempts to secure payment through conventional means under Fed. R. Civ. P. 69 have been largely unsuccessful (*see, e.g.,* filing 643; filing 633), and appointing a receiver will do more good than harm. *See id*. Crabar has also presented evidence of fraud. Fraudulent conduct is but one factor outlined above, and the Court can consider it, now and in the future. *See Morgan Stanley*, 952 F.3d at 981.

Mark Wright's behavior thus far indicates a receiver is necessary. Based on the factors set forth by the Eighth Circuit in *Morgan Stanley*, the Court's federal equitable powers under Fed. R. Civ. P. 66, and statutory guidance in

Neb. Rev. Stat. § 21-142(b), the Court will exercise its discretion and appoint a receiver in this case. *Morgan Stanley*, 952 F.3d at 981, 984.

*Scope of Receivership and Bond*

This Court intends to hold Wright to his representations regarding the sale of the property owned by 121 Court, LLC. Wright has indicated that the due diligence period will end on January 4, 2024, and that closing will likely occur on February 3, 2024. Filing 686-1 at 2. Wright further represents that he holds approximately $8.5 million in equity and will receive approximately that much at the conclusion of the sale. Filing 686-1 at 3. The sale of the property ostensibly covers the value of the judgment against Wright—approximately $3.9 million including the judgment, attorney's fees, interest, and taxed costs. Filing 589; filing 624.

Crabar requested a broad receivership to cover all of Mark Wright's assets, beyond those subject to the charging order. But, holding Wright to his sworn representations, only a limited receivership is warranted *at this time*. The Court will not hesitate, if recommended by the recevier, to broaden the receivership to include examining other assets available to pay the judgment, whether based on Wright's behavior or if the pending sale goes sour.

The Court has also considered whether to require the applicant for the receiver to post a bond. *See* Neb. Rev. Stat. § 25-1084. The potential damages under the narrow receivership are limited only to attorney costs on appeal and the receiver's hourly rates. The parties appear to agree that a bond is not required for a narrow receivership, so the Court will not impose one at this time. If the receivership expands, this Court reserves judgment on whether a bond shall be posted.  Accordingly,

IT IS ORDERED:

1.     The plaintiff's motion to appoint Trenten P. Bausch as receiver for Mark Wright (filing 670) is granted.

2.     Trenten P. Bausch is appointed to serve as receiver over Mark Wright's transferable interests in 121 Court, LLC, and 11616 "I" Street, LLC.

3.     The Clerk of the Court is directed to add Trenten P. Bausch to this case as an interested party and provide him with notice of this order via CM/ECF.

4.     The receiver shall have the power to examine the assets of 121 Court, LLC, and 11616 "I" Street, LLC. The receiver shall examine and closely monitor the pending sale of property held by 121 Court, LLC, including the due diligence and closing periods.

5.     When the receiver's examination is complete, and the pending sale by 121 Court, LLC, has concluded (one way or the other), the receiver shall make further recommendations to the Court with respect to the scope of the receivership, whether the receivership should terminate, and any action necessary to effectuate Crabar's execution of judgment against Mark Wright, including any asset liquidation.

6.      Mark Wright shall fully cooperate with the receivership in all matters.

Dated this 22nd day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge