IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRABAR/GBF, INC., | |
| Plaintiff, | 8:16-CV-537 |
| vs. | |
| MARK WRIGHT et al., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the Receiver's second report and recommendation. Filing 703. The Receiver has recommended that the Court expand the receivership based on Mark Wright's disclosure regarding unwritten loans between himself, the LLCs subject to the Court's charging order (filing 665), and Wright Printing Company. Further, the Receiver recommends that Mark Wright be allowed to pay a cash bond as security for the judgment on or before March 5, 2024. Finally, the Receiver recommends that this Court order Wright to pay the entire amount of the Receiver's fees.

The Court will adopt the Receiver's recommendations. The Court previously ruled that a broader receivership may be warranted if the sale of the property owned by 121 Court, LLC, was not completed by February 3, 2024. Filing 693 at 3. The sale's delay, coupled with the Receiver's discovery of the unwritten loans, merits a limited expansion of the receivership at this time. This limited expansion will not permit the Receiver to dispose of or control any of Wright's assets, so the Court will not impose a bond at this time. *See* Neb. Rev. Stat. § 25-1084; Fed. R. Civ. P. 66. The Court will, again, and only at the recommendation of the Receiver, allow Wright additional time to complete the sale of the property.

The parties also contest who must pay the Receiver's fees. While receiverships are based on federal law and federal equitable principles, courts may look to state laws for guidance. Rule 66; *Morgan Stanley Smith Barney LLC v. Johnson*, 952 F.3d 980 (8th Cir. 2020) (citing 12 C. Wright & A. Miller, Fed. Prac. & Proc. § 2983). In Nebraska, fair and reasonable receivership fees are borne by the party which necessitated the receivership. *See State ex rel. Beck v. Assoc. Discount Corp.*, 96 N.W.2d 55, 82 (Neb. 1959), *overruled on other grounds by Dailey v. A.C. Nelsen Co.*, 136 N.W.2d 186, 189 (Neb. 1965). Wright's failure to post a bond or adequate security has necessitated the receivership.

The Receiver is an officer of the Court, and is not, as proffered by Wright (filing 703 at 15), the plaintiff's agent for the purposes of collection. *See* Rule 66; 12 Wright & Miller § 2983 ("The receiver is considered to be an officer of the court, and therefore not an agent of the parties" (citing *Booth v. Clark,* 58 U.S. 322, 331 (1854); *Ledbetter v. Farmers Bank & Tr. Co.*, 142 F.2d 147, 150 (4th Cir. 1944))). General principles of equity, and longstanding historical practice in federal courts, indicate that Wright should bear the costs of the receivership. *State ex rel. Beck*, 96 N.W.2d at 82; *see also Trs. Corp. v. Kansas City, M. & O. Ry. Co.*, 26 F.2d 876, 881-82 (8th Cir. 1928); Rule 66.

In Nebraska, a receiver is entitled to "such compensation as the court may award." Neb. Rev. Stat. § 25-1092. A receiver's compensation "should be fixed at an amount that will be fair and reasonable for the services rendered," and the compensation "should not be greater than what would be reasonable compensation for doing the same amount and character of work if employed in the usual course of private business." *State ex rel. Beck,* 96 N.W.2d at 78-79; *see also Trs. Corp.,* 26 F.2d at 881-82. The Receiver's hourly billable rate is reasonable in this case, based on the nature and complexity of the

responsibilities assigned to him. NECivR 54.4 provides how the Receiver should present to the Court a proper factual basis on which to base his compensation award, to be paid by Mark Wright, at the conclusion of the receivership.

Accordingly,

IT IS ORDERED:

1. The Receiver retains all of the powers allowed by filing 693.

2. The Receiver shall have the additional power to examine the assets of Mark Wright and Wright Printing Company, including the origination and servicing of any and all loans by, between, or among them.

3. On or before March 5, 2024, Mark Wright, or an entity possessing assets payable to Mark Wright, may pay into the registry of the Court funds in an amount up to and including $4,000,000 as security for the September 19, 2023, judgment and November 8, 2023, cost award against Mark Wright. The Clerk of the Court shall accept such funds and deposit them into an interest-bearing account until further order of the Court.

4. The Receiver shall file a third report and recommendation on or before April 1, 2024.

4

Dated this 22nd day of February, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge